| 69　339|
| 73　483|

## S. DALSHEIMER & Co. v. E. McDANIEL.

ATTACHMENT.　*Venue.　Jurisdiction.　Amendment.*

> In an attachment sued out in the county where the debtor resided and his property was found, the affidavit and writ alleged a debt due, whereas the declaration was for a debt in part not due. Defendant moved to quash the affidavit and writ, whereupon the plaintiff moved to amend by inserting the amount not due and dismissing as to the part due. The grounds alleged were those applicable to either. *Held,* the amendment should have been allowed and the motion to quash denied.

FROM the circuit court of Amite county.

HON. W. P. CASSEDY, Judge.

The opinion states the case. It may be added that the record does not show with certainty how much of the debt was due and how much was past due.

*Willing, Ramsey & Willing,* for appellants.

The amendment should have been permitted. The grounds for attachment could remain the same. The affidavit may be made on information and belief, and the statute does not require the affidavit to show whether the debt is due or not. Attachment may be for a debt partly due and partly not due. No harm could accrue to defendant from the amendment, and it should have been permitted, under § 2464 of the code. *Bishop* v. *Finnerty,* 46 Miss., 570; *Boiseau & Martinez* v. *Kahn,* 62 *Ib.,* 757.

*T. McKnight,* for appellee.

The writ must correspond with the affidavit and bond. Code 1880, § 2418. The declaration must also correspond with the affidavit and writ. The amendment could not be allowed. Attachment for debts due and debts not due are separate and distinct proceedings. See code, § 2459. The two cannot be blended. Besides, the part of the debt not due was not sufficient to give the court jurisdiction.

*Sullivan & Whitfield,* on the same side.

Our statute never contemplated that where grounds of attachment peculiar to a debt due are stated, other grounds peculiar to a debt not due can be incorporated, and both debts and both cases tried at once. The procedure is entirely different, and to permit such a blending would result in endless confusion.

COOPER, J., delivered the opinion of the court.

The appellants sued out an attachment before a justice of the peace of Amite county against the appellee for the recovery of a debt of $703.91 alleged to be due and unpaid. Upon filing the declaration and the account upon which suit was brought, it appeared that nearly six hundred dollars of the sum claimed was not due when the attachment was issued. The defendant thereupon moved the court to quash the writ and affidavit because they were for a debt due, while the plaintiffs, by their declaration, sought to recover upon a debt not due when the proceedings were commenced. The plaintiffs then moved the court for leave to amend the affidavit and writ so as to show that the attachment was for a debt not due, and to dismiss the suit as to so much of the account sued on as was for items past due when the attachment was sued out. The court overruled the plaintiff's motion for leave to amend, sustained the defendant's motion to quash, and dismissed the suit.

The amendment should have been permitted, and, being

made, the motion to quash should have been overruled. The plaintiffs only sought to do by amendment what they might originally have done. They were proceeding against the defendant on the same demand throughout, and the fault in the affidavit was but a " defect " within the meaning of § 2464 of the code, and was amendable as such.

*The judgment is reversed and cause remanded.*